NO. 07-06-0274-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 17, 2006


______________________________



SHEON ANTHONY POLK, APPELLANT


 

v.



THE STATE OF TEXAS, APPELLEE
 _________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 52,538-A; HON. HAL MINER, PRESIDING


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 MEMORANDUM OPINION


 Appellant Sheon Anthony Polk appeals his conviction for possession of a controlled
substance after a plea of guilty pursuant to a plea bargain. The certification of appeal
executed by the trial court does not disclose that he has the right of appeal; rather it states
that he has no right of appeal. By letter dated September 29, 2006, this court notified
appellant of this circumstance and that the appeal was subject to dismissal. The court also
requested that he either supply us with an amended certification illustrating that he has a
right to appeal or inform us why we should continue the appeal, by October 9, 2006. That
deadline has elapsed and we have received neither a response nor amended certification. 
Thus, we dismiss the appeal. See Tex. R. App. P. 25.2(d) (requiring that the appeal be
dismissed if a certification that shows that the defendant has a right of appeal has not been
made part of the record).

 Accordingly, the appeal is dismissed.


 Mackey K. Hancock

 Justice





Do not publish.






















 



 



0.416667in; margin-bottom: 0.104167in">          Following his plea of not guilty, appellant John Kevin Oakes was convicted by a jury
of murder and punishment was assessed at twenty years confinement. Both the clerk’s
record and reporter’s record have been filed in his appeal. Both appellant and the State
have filed briefs. On suggestion of the death of appellant’s attorney, we now abate the
appeal and remand the cause to the trial court.
          On remand, the trial court shall utilize whatever means necessary to determine the
following:
 
1. whether appellant desires to prosecute this appeal; and
2. whether appellant is indigent and entitled to new appointed counsel.
          Should it be determined that appellant does want to continue the appeal and is
indigent, and that new counsel should be appointed, the trial court shall appoint new
counsel to represent appellant in this appeal. If new counsel is appointed, the name,
address, telephone number, and state bar number of newly appointed counsel shall be
included in an order appointing counsel. If necessary, the trial court shall execute findings
of fact, conclusions of law, and any necessary orders it may enter regarding the
aforementioned issues and cause its findings, conclusions, and orders, if any, to be
included in a supplemental clerk’s record. A supplemental reporter’s record of any hearing
held shall also be included in the appellate record. Finally, the trial court shall file the
supplemental clerk’s record and the supplemental reporter’s record, if any, with the Clerk
of this Court by March 19, 2008. 
          Should new counsel be appointed, the Clerk of the Court is instructed to accept and
file any amended or supplemental brief newly-appointed counsel desires to file. Absent
a motion for extension of time, new counsel’s brief shall be due within 30 days after filing
of the supplemental clerk’s and reporter’s records. Any brief the State files in response to
new counsel’s brief, if any, shall be due 30 days following filing of new counsel’s brief. Tex.
R. App. P. 38.6(a) & (b). 
 
          It is so ordered. 
 
Per Curiam
 
 
Do not publish.